IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronnie Colclough, ) | |
| ) | Civil Action No. 6:07-2900-HMH-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Simon Major; Daryl McGhaney; ) | |
| Medical Staff; and Anthony Dennis, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motions for summary judgment and the plaintiff's motion for summary judgment. The plaintiff, a pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff filed this action alleging that the defendants violated his constitutional rights by failing to properly spray for pests and failing to provide proper medical care for him following a spider bite while he was being held at the Sumter Lee Regional Detention Center ("SLRDC"). The plaintiff named as defendants Simon Major, the Director of the SLRDC; Daryl McGhaney, the Assistant Director of the SLRDC; Anthony Dennis, the Sheriff of Sumter County; and "Medical Staff."

On December 5, 2007, Southern Health Partners, Inc., the entity that provides medical services at the SLRDC and is, in actuality, the "Medical Staff" named as a defendant in this action, filed a motion for summary judgment. By order filed December 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was

advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 10, 2007, the plaintiff filed his opposition to the motion for summary judgment. On December 21, 2007, defendants Major, McGhaney, and Dennis filed a motion for summary judgment. By order filed December 26, 2007, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 26, 2007, the plaintiff filed his opposition to this motion.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

### *Southern Health Partners, Inc.*

In his complaint, the plaintiff alleges that he was bitten by a spider while he was being held at the SLRDC. He claims that he wrote a request to be seen by the nurse on the day of the bite, but he received no response. He asked an officer to call the nurse, which she did. He claims the nurse said she would come to see him; however, she did not do so. The plaintiff alleges that he was told to write another request, which he did. He claims that he "got a response" seven days later. He alleges that he was bitten on July 6,

2007[1], and as of the date he signed his complaint on August 18, 2007, he had not received a response from the nurse. He alleges that he suffered great pain and his hair fell out. He seeks $25,000 for hair restoration, as well as injunctive relief (comp. 3-4).

Southern Health Partners, Inc., which has a contract with the counties of Lee and Sumter to provide medical staffing at the detention center, submitted the affidavits of Charles A. Bush, M.D., the Medical Director at the SLRDC, and Candy Morris, R.N., the Medical Team Administrator at the SLRDC, in support of its motion for summary judgment. According to Ms. Morris, the plaintiff submitted an Inmate Sick Call Slip dated June 17, 2007. He noted on his medical slip that he had been in pain for three days. According to the plaintiff's medical records, he was seen by the medical staff on that same date, and the plaintiff was advised that he would be treated with Keflex, an antibiotic, and Motrin for pain. The medical staff member who examined the plaintiff noted that the back left side of the plaintiff's head was swollen "grapefruit sized." A medication request was faxed to the pharmacy, and the medicine was delivered to the SLRDC within 48 hours and was administered to the plaintiff on June 19, 2007, two days after his request. The Keflex was administered for 10 days, and the Motrin was administered for three days (Morris aff. ¶¶ 1-8, ex. A). The plaintiff was seen again on November 7, 2007, and at that time there was no evidence of broken skin to the back of the plaintiff's head, nor was there redness, warmth, or edema. The plaintiff stated at that time that the area swelled after he was bitten

---

[1] In his complaint, the plaintiff claims he was bitten by the spider on July 6, 2007. The plaintiff submitted statements of two inmates who claimed they saw the plaintiff's injury from the spider bite on July 6th (11/28/07 letter and attachments, doc. 20). The plaintiff's medical records show that he actually complained about the spider bite on June 17, 2007, and at that time he stated he had been in pain for three days. The medical records also show that the plaintiff was given antibiotics and Motrin on June 19, 2007 (Morris aff. ¶¶ 1-8, ex. A). After the plaintiff received a copy of his medical records, he stated that he needed to make a "correction" and submitted statements from two inmates claiming they actually saw the plaintiff's spider bite on June 13, 2007 (12/26/07 pl. resp. m.s.j., doc. no. 31).

but only for a few days. There was no evidence at that time of any insect bite (Bush aff. ¶ 9, ex. A).

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988)).

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice does not violate the Eighth Amendment. *Id.* Moreover, disagreements

5

between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged.  *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The evidence before the court shows that the plaintiff was treated with an antibiotic, Keflex, and with Motrin for pain, and the swelling lasted only a few days. Assuming that the plaintiff has shown that he had a serious medical need, he has failed to show *any* evidence that the defendants were deliberately indifferent to his need. Accordingly, the motion for summary judgment of Southern Health Partners, Inc. should be granted.

### *Simon Major, Daryl McGhaney, and Anthony Dennis*

Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment.  *Bell v. Wolfish,* 441 U.S. 520, 535 (1979).  Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).  Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense.  *Id.* (citing *Bell,* 441 U.S. at 53). Absent a showing of expressed intent to punish on the part of the correctional officials, the determination of whether a particular action is punitive turns on whether it was rationally connected to legitimate non-punitive governmental objectives and whether it was excessive in relation to that purpose.  *Bell*, 441 U.S. at 537-40; *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

Defendant Dennis, the Sheriff of Sumter County, has no involvement in the operation of the SLRDC, as it is run by the county (Dennis aff. ¶¶ 3-4). In his complaint, the

plaintiff makes no allegations of involvement by Sheriff Dennis.  Furthermore, defendants Major, McGhaney, and Sheriff Dennis had no involvement in the plaintiff's medical care.

The plaintiff also alleges that the SLRDC was not sprayed properly for pests. The Fourth Circuit Court of Appeals has held:

> In cases where the government is accused of failing to attend to a detainee's serious medical needs, and in cases where the government is accused of failing to protect a detainee from a substantial risk of physical harm "conduct that amounts to 'deliberate indifference'…is viewed as sufficiently shocking to the conscience that it can support a Fourteenth Amendment claim."

*Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004).  An inmate who alleges deliberate indifference must meet "'a very high standard-a showing of mere negligence will not meet it.'" *Id*. (quoting *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)).  To be held culpable for such allegations, an officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.  This standard necessitates "a showing that the defendants *actually knew of* and *disregarded* a substantial risk of serious injury to the detainee or that they *actually knew of* and *ignored* a detainee's serious need for medical care."  *Id*. (citation omitted) (emphasis in original).

The *Parrish* court goes further in its analysis:

> Liability under this standard thus requires two showings. First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that officers should have recognized it; they actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." As with the subjective awareness element, it is not enough that the official should have recognized that his actions were inappropriate; the official actually must have recognized that
> his actions were insufficient.

7

*Id*. at 303 (internal citations omitted). According to the court, the risk of harm must be "so obvious that the fact-finder could conclude that the [officer] *did* know of it because he could not have failed to know it." *Id*. (citations omitted).

The defendants submitted the affidavit of defendant McGhaney, who stated that the SLRDC sprays for insects monthly (McGhaney aff. ¶ 5). The plaintiff has failed to show that the defendants knew of any potential risk of harm. The plaintiff has also failed to show that the defendants disregarded or ignored any risk of harm. Based upon the foregoing, the defendants' motion for summary judgment should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motions for summary judgment (docs. 23 and 29) be granted. Furthermore, it is recommended that the plaintiff's motion for summary judgment (doc. 32) be denied. The motion to dismiss (doc. 11), as well as the pending nondispositive motions, will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

March 6, 2008

Greenville, South Carolina